IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50025
Summary Calendar
_____

SAMUEL DENNIS STINSON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; MELINDA
HOYLE BOZART,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-383
- - - - - - - - - - -
July 27, 1998

Before JOLLY, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Samuel Dennis Stinson, Texas state prisoner # 516177, appeals from the district court's dismissal without prejudice of his mixed civil rights complaint and petition for a writ of habeas corpus for failure to obey an order of the court. Stinson's motion for injunctive relief is DENIED.

A district court may <u>sua</u> <u>sponte</u> dismiss an action for failure to prosecute or to comply with any court order. Fed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. Civ. P. 41(b); see McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). A sua sponte dismissal by the district court is reviewed for abuse of discretion. McCullough, 835 F.2d at 1127. The scope of the district court's discretion is narrow, however, when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed without prejudice under Rule 41(b). See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992). Because of the operation of the statute of limitations, the dismissal may operate as a dismissal with prejudice of some of Stinson's claims. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996). As Stinson suggested in the district court, Stinson's "motion to amend his complaint" should have been construed as a supplemental complaint because the allegations concerned events occurring after he filed his original complaint on July 1, 1997. Because there is no clear record of delay or contumacious conduct by Stinson, the district court abused its discretion in dismissing the complaint. See Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir. 1993).

VACATED AND REMANDED.